Zimmerman, J.
So far as pertinent here, Section 4507.25, Revised Code (amended, 1959), recites:
“The Registrar of Motor Vehicles may adopt and publish rules to govern his proceedings. All proceedings of the registrar shall be open to the public, and all documents in his possession shall be public records. * # * Upon the request of any person, accompanied by a fee of 50 cents per name, the registrar may furnish lists of names and addresses as such appear upon the applications for driver’s licenses, provided that any further information contained in such applications shall not be disclosed.” (Emphasis supplied.) -
Section 4503.26, Revised Code (amended, 1959), provides, inter alia-.
*371 “The registrar may, upon application of any person and payment of the proper fee, search the records of the bureau and make reports thereof, and make photographic copies of the bureau records and attestations thereof.”
The statute then continues, stating the fees chargeable for the described services.
Section 4505.14, Bevised Code (amended, 1959), reads ia. part:
“The Begistrar of Motor Vehicles, upon the application of any person and payment of the proper fees, may prepare and furnish lists containing title information in such form and subject to such territorial division or other classification as he may direct. The registrar may search the records of the Bureau of Motor Vehicles and make reports thereof, and may make photographic copies of the bureau records and attestations thereof.”
Then follows a recitation of the fees chargeable for such services. Compare Section 4503.10, Bevised Code.
In examining the quoted statutes, particularly Section 4507.25, Bevised Code, it is apparent that all documents in the possession of the Registrar of Motor Vehicles are public records open to the public, and that the fees prescribed in such statutes are for services rendered and materials furnished by the registrar upon request. The statutes do not expressly prohibit personal examination of the records by a member of the public, and the provisions that fees may be charged by the registrar when he renders a service in furnishing information contained in his records do not preclude a member of the public from making a personal examination of such records without paying such fees.
“The rule in Ohio is that public records are the people’s records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore anyone may inspect such records at any time, subject only to the limitation that such inspection does not endanger the safety of the record, or unreasonably interfere with the discharge of the duties of the officer having custody of the same.” 35 Ohio Jurisprudence, 45, Section 41.
*372 Such rule, above quoted, corresponds with the rule stated in 108 A. L. R., 1395, as follows:
“* * * ailtomobile records are generally considered ‘public records’ which any citizen has the right to examine and copy * * * provided that he complies with the reasonable regulations of the custodian of the records, and examines and copies them in such a way as not to interfere with the work of the custodian or the equal right of others to examine and copy such records.”
How far the General Assembly might go in limiting access to and inspection of public records is not now before us. Suffice it to say, such body has not denied the right to inspect the records in the office of the Registrar of Motor Vehicles in the respect demanded by relator. We do not doubt that the registrar may establish and enforce reasonable rules and regulations covering the examination of the records in his custody and control to insure the orderly and efficient operation of his department, but under the statutes in their present wording he may not arbitrarily and wholly close those records to public view. All relator seeks in the present action is to inspect and take data, during business hours and at the convenience of the respondent, from records pertaining to a single motor vehicle registration. We think it is the duty of the respondent to allow him to do so, and that mandamus is an appropriate remedy to enforce relator’s demand. If there should be a wholesale descent on the registrar by those demanding access to all types of records in his custody, a different problem would be presented.
The judgment of the Court of Appeals is too broad; it should have been limited and confined to the one inspection sought by relator. So modified, the judgment is affirmed.

Judgment modified and, as modified, affirmed.

Weygandt, C. J., Taft and Bell, JJ., concur.
Matthias and Herbert, JJ., dissent.
O’Neill, J., not participating.